# IN THE COURT OF APPEALS OF IOWA

No. 19-1322
Filed October 9, 2019

IN THE INTEREST OF S.S.,
Minor Child,

A.S., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Barbara J. Westphal, Belmond, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Crystal Ely of McGuire Law Firm, Mason City, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**DANILSON, Senior Judge.**

A mother appeals the termination of her parental rights to her child, S.S. born in September 2018. The mother asserts she should be allowed an additional six months to achieve reunification and termination is not in the child's best interests.

We review termination decisions de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.,* 723 N.W.2d 793, 798 (Iowa 2006).

The mother has had nine children, none of whom remain in her care. Her parental rights to her eight older children were terminated in 2016 due to the same issues presented here: unresolved domestic violence, substance abuse, and mental-health issues.

S.S. was removed from the father and mother's[1] care in December following a domestic-abuse assault of the mother by father. The ensuing child-abuse assessment was founded for failure to provide adequate supervision. Other concerns noted were the father and mother's methamphetamine use, mother's continuing mental-health needs, inadequate housing, and unemployment.

On January 18, 2019, the child was adjudicated a child in need of assistance. At the time of the adjudication, the father was incarcerated. The juvenile court continued the child's removal from the home because of the mother's "lack of parenting skills, and a lack of stability." The court ordered family safety,

---

[1] Paternity testing established the mother's husband, though the legal father of S.S., was not the child's biological father. For purposes of this opinion, however, we will refer to the mother's husband as the father.

risk and permanency services; mental-health services; substance-abuse services; drug testing; referral to Family Treatment Court; and visitation. The child has remained in foster care since removal.

Despite the services provided, in May 2019, the mother relapsed on methamphetamine and attempted suicide. She was involuntarily hospitalized for four days.

A combined permanency and termination-of-parental-rights hearing was held on July 16, 2019. The mother requested additional time to seek reunification, noting she had obtained housing, was involved in individual and couples counseling, was employed (though not then working due to the seasonal nature of the work), and was fairly consistent in visiting the child. The child's guardian ad litem recommended termination of the mother's rights because the same concerns remained despite services.

The juvenile court terminated the mother's parental rights to S.S. pursuant to Iowa Code section 232.116(1)(e), (g), and (h) (2019). The mother challenges the finding as to paragraph "e" but does not contest grounds for termination exist under paragraphs "g" and "h." "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. If a parent does not dispute a ground for termination, we need not evaluate if that ground exists. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Termination of the mother's parental rights is supported under 232.116(1)(g) and (h).[2]

---

[2] Pursuant to Iowa Code section 232.116(1), a court may terminate parental rights if:
(g) The court finds that all of the following have occurred:

Even though grounds for termination exist, the mother asserts termination is not in the child's best interests because she has a relationship with the child and is making progress by locating adequate housing and employment and demonstrating a willingness to address her parenting and mental-health issues. She argues an extension of time should be granted.

In order to grant an extension of time, Iowa Code section 232.104(2)(b) requires a court to "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The fact that the past and present juvenile court involvement and services provided have resulted in only recent and minimal progress does not bode well. *See In re S.N.*, 579 N.W.2d 338, 341 (Iowa Ct. App.

---

(1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(2) The court has terminated parental rights pursuant to section 232.117 with respect to another child who is a member of the same family or a court of competent jurisdiction in another state has entered an order involuntarily terminating parental rights with respect to another child who is a member of the same family.

(3) There is clear and convincing evidence that the parent continues to lack the ability or willingness to respond to services which would correct the situation.

(4) There is clear and convincing evidence that an additional period of rehabilitation would not correct the situation.

(h) The court finds that all of the following have occurred:

(1) The child is three years of age or younger.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

1998) (stating "a good prediction of the future conduct of a parent is to look at the past conduct"). The juvenile court found, "There is clear and convincing evidence that [the mother] continues to lack the ability or willingness to respond to services which would correct the situation and an additional period of rehabilitation would not correct the situation." The mother's progress is so minimal that we agree an extension of time is not warranted here.

We adopt the juvenile court's findings:

[T]he child's safety, and best opportunity for furthering the child's long-term nurturing and growth, as well as the physical, mental and emotional condition and needs of the child support termination of parental rights.

The child is a healthy ten-month old girl. She is current on her immunizations and is happy and healthy. The child deserves permanency. The testimony is overwhelming that the child cannot be returned to [the mother] at this time and that additional time for reunification would be detrimental to the child.

Termination of the mother's parental rights will provide the child needed stability and permanency and is in the child's best interests. *See* Iowa Code § 232.116(2). We affirm.

**AFFIRMED.**